# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ASUNSION MARTINEZ, JR., | : | MOTION TO VACATE |
| BOP No. 48803-051, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-2457-CAP-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:09-CR-454-6-CAP-ECS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Asunsion Martinez, Jr.'s pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" [Doc. No. 201] and "Motion for the Financial-Assistance of Counsel, Process, Powers, Privileges, Protections & Redress, on Constitutional Privilege-Redress to Habeas Corpus by Title 28 U.S.C. § 2255 Motion, Title 28 U.S.C. § 1651 and Rule 21, F.R.App.P" [Doc. No. 202]. For the following reasons, the undersigned recommends that Martinez's § 2255 motion be denied, no certificate of appealability be issued, and counsel not be appointed.

In 2009, Martinez and others were indicted for serious drug, money laundering, and firearms crimes. See [Doc. No. 38]. In 2010, Martinez entered into a negotiated plea agreement. See [Doc. No. 128]. One of the terms of that plea agreement was a limited waiver of appeal. That waiver provided:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[Id. at 9-10]. Martinez also signed a separate acknowledgment that he had "discussed with [his] attorney the rights [he] may have to appeal or challenge [his] conviction or sentence, and [he understood] that the appeal waiver contained in the Plea Agreement [would] prevent [him], with the narrow exceptions stated, from appealing [his] conviction and sentence in any post-conviction proceeding." [Id. at 12].

At his guilty plea hearing, Martinez was specifically questioned - twice - about his waiver of appeal and collateral attack rights, and he specifically stated - twice - that he understood and agreed to those waivers. See [Doc. 183 at 9-10, 16]. Martinez disclaimed having received any promise of "what [the] actual sentence [would] be." [Id. at 10]. Martinez also testified, and the Government confirmed, that he is a U.S. citizen. See [id. at 17]. And Martinez acknowledged that he "had sufficient

2

time to think about and discuss this matter fully [with his attorney] before entering [a] plea of guilty" and that he was "fully satisfied . . . with [his] attorney, his representation, [and] the advice" given in this case. [Id. at 18].

During the plea hearing, Martinez gave considered, not rote, responses to the Court's questions. Moreover, Martinez clearly indicated when he needed information repeated or questions rephrased. See, e.g., [id. at 13, 15, 19]. Before accepting the guilty plea, the Honorable Charles A. Pannell, Jr. concluded that Martinez was "competent to understand the[] proceedings and to enter a knowing plea of guilty," that the guilty plea was "voluntarily made with full knowledge of the charge against him and the consequences of the plea," and that Martinez's "waiver of his right to appeal [was] made knowingly and voluntarily." [Id. at 19]. Thereafter, Judge Pannell sentenced Martinez to a 168-month term of imprisonment, the lower-limit of the applicable guidelines sentencing range. See [Doc. Nos. 155, 168].

Martinez filed a notice of appeal. See [Doc. No. 156]. The Eleventh Circuit summarily dismissed Martinez's appeal based on the waiver of appeal and collateral attack rights in the plea agreement. See [Doc. No. 180].

3

Proceeding pro se, Martinez then filed the § 2255 motion that is now before the Court.[1] The § 2255 motion asserts seven grounds for relief:

> Ground One: "Illegal sentence enhancement for possession of a gun to which the Defendant is actually innocent";
>
> Ground Two: "Inadequate/Ineffective Assistance of court[-]appointed counsel at the plea phase, sentencing and on direct appeal, the same attorney

---

[1] Although Martinez is nominally proceeding pro se, the § 2255 motion states that it was "[p]repared involuntarily by 'jailhouse counsel.'" [Doc. No. 201 at 14 (emphasis in original)]. 'Jailhouse counsel' spends a substantial part of the 14-page motion complaining about such things as "whatever political agenda was in vogue at the time," the "remov[al] of the local phone directory," the "'warehousing' political agenda in [s]elf-service to the status quo and at great and unnecessary expense to the public purse, serving no real legitimate public interest other than what is defined in the DOJ's propaganda machinery," an alleged structural conflict of interest affecting all court-appointed defense counsel who would be "blackballed by the DOJ" if they contested "the Government's 'warehousing' political agenda and money games," and his perception that "most attorneys . . . assigned to defend the poor and uneducated have no legitimate business defending a criminal case, especially involving the substantial loss of Life, Liberty and Property currently in vogue via the federal system of 'so-called justice.'" [Id. at 6, 9, 10, 11]. In support of those points, 'jailhouse counsel' attached 20 pages of additional material, principally consisting of annotated correspondence, book reviews, op-eds, and cartoons critical of the American criminal justice system. [Id. at 15-34].

4

> throughout, in substantial prejudice to this defendant warranting this habeas motion";
>
> Ground Three: "Denied a minor role sentence reduction due to prosecutorial misconduct and ineffective assistance of court[-]appointed counsel - officer contrary to the recommendation and facts of the U.S. Probation Office";
>
> Ground Four: "Prosecutorial misconduct against this uneducated foreigner, also a poor person by wrongful influence of defense counsel and the Court, suborning perjured testimony to enhance the sentence and resume, contrary to the facts";
>
> Ground Five: "Unknowing and thus unintelligent and involuntary waiver of all rights to an appeal, both direct and collateral attack due to conflicting prosecutor misconduct and inadequate court[-]appointed defense counsel by apparent design in substantial prejudice to the facts of the case";
>
> Ground Six: "Denial of downward departure of sentence for diminished capacity [5K2.13] of Defendant due to inadequate assistance of court[-]appointed defense counsel"; and
>
> Ground Seven: "Lack of U.S. - Federal jurisdiction over this Defendant - political target who is a Mexican citizen, born in Mexico, South America, with no U.S. birth certificate or social security contract, et al[.] [sic], rendering him a non-U.S. person."

[Doc. No. 201 at 4-9].

In the Eleventh Circuit, "sentence appeal waivers, made knowingly and voluntarily, are enforceable." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (sentence appeal waiver enforced in a collateral proceeding). Such waivers

5

are upheld where "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of that waiver." Bushert, 997 F.2d at 1351. Those requirements are more than met in this case.

While it is true that an appeal waiver does not preclude a post-conviction claim that the plea agreement itself was not entered into knowingly and voluntarily, see, e.g., Patel v. United States, 252 F. App'x 970, 974-75 (11th Cir. 2007), and while it is true that Martinez has made that claim here, see Grounds Two and Five, the factual allegations Martinez makes now are flatly contradicted by the statements he made under oath at the plea hearing and do not warrant an evidentiary hearing on the issue of whether his entry into the plea agreement was either unknowing or involuntary.

As the Eleventh Circuit has noted: "There is a strong presumption that statements made during the plea colloquy are true." Patel, 252 F. App'x at 975 (citing United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994)). "Consequently, a defendant bears a heavy burden to show that his statements under oath were false." Id. (citing United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988)). Where a defendant's later "allegations are in direct conflict with his statements during the plea

AO 72A
(Rev.8/82)

colloquy, and he has produced no evidence to challenge the veracity of his sworn testimony," then "self-serving statements [that] appear to be a last minute attempt to escape the preclusive effect of the appeal waiver" are not required to be credited.  Id. Martinez has offered nothing more than such "self-serving statements."

For example, in his § 2255 motion Martinez now alleges that he entered into the plea agreement only because his attorney promised that he would be sentenced to serve just seven years in prison. See [Doc. No. 201 at 5].  At the plea hearing, however, Martinez stated that he had not been promised any particular sentence.  See [Doc. No. 183 at 10].  In his § 2255 motion, Martinez says he is a "Non-U.S. person."  See [Doc. No. 201 at 9].  At the plea hearing, however, Martinez indicated that he is a U.S. citizen.  See [Doc. No. 183 at 17].  In his § 2255 motion, Martinez now contends he had an inadequate opportunity to review the plea agreement and discuss it with his attorney.  See [Doc. No. 201 at 5].  At the plea hearing, however, Martinez specifically acknowledged that he had "sufficient time to think about and discuss this matter fully . . . before entering [a] plea of guilty."  See [Doc. No. 183 at 18].

Furthermore, as noted above, Martinez gave considered, not rote, responses to the Court's questions at the plea hearing, and Martinez clearly indicated during the plea hearing when he needed

7

information repeated or questions rephrased. See, e.g., [id. at 13, 15, 19]. In light of the record, it is plain that the Bushert-standard for enforcing a knowing and voluntary waiver of appeal and collateral attack rights is met in this case and that Martinez's waiver should be enforced. The undersigned therefore **RECOMMENDS** that Martinez's § 2255 motion [Doc. No. 201] be **DENIED** without a hearing. See Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004) (holding "mere conclusory allegations" in a § 2255 petitioner's affidavit do not entitle him to an evidentiary hearing) (citing cases).

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

8

to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted)). Martinez has not demonstrated that he is entitled to federal habeas relief, that enforcement of the appeal/collateral attack waiver is incorrect, or that both issues are reasonably debatable.

The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

Martinez has moved for the appointment of counsel in this § 2255 proceeding. There is, however, no "constitutional right to counsel when mounting collateral attacks upon . . . convictions." See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also United States v. Davis, 400 F. App'x 538, 540 (11th Cir. 2010) (§ 2255 proceeding); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990) ("no right to counsel on . . . collateral post-

9

conviction 28 U.S.C. § 2255 petition"). Furthermore, for the reasons discussed above, the interests of justice do not warrant the appointment of counsel under the applicable federal statute. See 18 U.S.C. § 3006A(a)(2)(B).

The undersigned therefore **RECOMMENDS** that Martinez's motion for the appointment of counsel [Doc. No. 202] be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 23rd day of October, 2012.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

10