UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ASUNSION MARTINEZ JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL ACTION NO.
1:09-CR-0454-6-CAP

CIVIL ACTION NO.
1:12-CV-2457-CAP

# **O R D E R**

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 208] and the movant's objections thereto [Doc. No. 212].

In 2009, the movant was indicted for serious drug, money laundering, and firearms crimes. *See* [Doc. No. 38]. In 2010, the movant entered into a negotiated plea agreement. *See* [Doc. No. 128]. One of the terms of that plea agreement was a limited waiver of appeal. That waiver provided:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C.

> § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[*Id.* at 9-10]. Martinez also signed a separate acknowledgment that he had "discussed with [his] attorney the rights [he] may have to appeal or challenge [his] conviction or sentence, and [he understood] that the appeal waiver contained in the Plea Agreement [would] prevent [him], with the narrow exceptions stated, from appealing [his] conviction and sentence in any post-conviction proceeding." [*Id.* at 12]. At his guilty plea hearing, Martinez was specifically questioned - twice - about his waiver of appeal and collateral attack rights, and he specifically stated - twice - that he understood and agreed to those waivers. *See* [Doc. 183 at 9-10, 16]. Martinez disclaimed having received any promise of "what [the] actual sentence [would] be." [*Id.* at 10]. Martinez also testified, and the Government confirmed, that he is a U.S. citizen. *See* [*id.* at 17]. And Martinez acknowledged that he "had sufficient time to think about and discuss this matter fully [with his attorney] before entering [a] plea of guilty" and that he was "fully satisfied . . . with

[his] attorney, his representation, [and] the advice" given in this case. [*Id.* at 18].

Based upon the enforceable waiver contained in the plea agreement and the movant's specific statements at the plea hearing, the magistrate judge recommended denial of the § 2255 motion to vacate, denial of appointment of counsel, and denial of a certificate of appealability [Doc. No. 208]. In his objections, the movant makes no viable challenge to magistrate judge's finding of knowing and voluntary waiver of his right to collaterally attack his sentence and conviction. Rather, he nonsensically indicates that he refuses the R&R for fraud, contends this is an "actual innocence" case, and disputes the determination that he is not entitled to appointed counsel [Doc. No. 212].

The R&R [Doc. No. 208] is adopted as the order and opinion of this court. Because the movant knowingly and voluntarily waived his right to collaterally attack his sentence, the instant § 2255 motion is DENIED. Furthermore, because United States Supreme Court has determined there to be no constitutional right of counsel for a defendant seeking to make a collateral attack upon his conviction or sentence, the motion for appointment of counsel here is DENIED. Finally, as assessed by the magistrate judge, the

movant has made no showing of the denial of a constitutional right and is not entitled to a Certificate of Appealability.

SO ORDERED, this 18th day of December, 2012.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge